IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rudy Villanueva, # 79959-004, <br> *aka Bird Road Rudy,* <br> *aka King Rudy,* <br><br> Petitioner, <br><br> vs. <br><br> Mildred River, Warden, FCI Estill; Chaplain Neal, Supervisor Religious Dept.; F.C.I. Estill; Warden, Miami F.C.I., <br><br> Respondents. | ) C/A No. 5:12-564-RBH-KDW <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Petitioner is a prisoner at the Federal Correctional Institution in Miami, Florida. He files a petition pursuant to 28 U.S.C. § 2241,[1] proceeding pro se. As the relief Petitioner requests is not in the nature of a habeas petition, this case is subject to summary dismissal.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon*

---

[1] Section 2241 provides, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3).

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Petitioner alleges that prison officials have failed to accommodate his religion, which he calls Kingism. Specifically, Petitioner complains he has not been allowed to wear his religion's colors, black and gold, even though Rastafarians are allowed to wear their colors. As relief, Petitioner seeks to have the Bureau of Prisons recognize his religion and accord its followers the same rights enjoyed by followers of other religions. Petitioner makes no allegations and requests no relief that relate to habeas relief.

The pleading is being treated as a § 2241 petition because it was submitted on a federal § 2241 form promulgated by this district court for use by federal prisoners. However, Petitioner is raising civil rights claims. It is possible that the petitioner has filed the above-captioned case to circumvent the filing fee requirements of the Prison Litigation Reform Act (PLRA).

This case could proceed as a habeas case only if it sought habeas relief, such as release from prison or the restoration of good time credits. *See Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006) (noting a petition challenging the place of confinement is an attack on the execution of a sentence, and thus properly brought under § 2241). In rare circumstances, a petition that attacks the validity

2

of a conviction and sentence may be brought under § 2241; though such claims would ordinarily be brought under § 2255. A petitioner might be able to proceed under § 2241 for such claims if § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

In an order dated March 9, 2012, the court instructed Petitioner to complete a civil rights complaint form so that his case could proceed. ECF No. 8. Petitioner refused to comply with the order, instead insisting in a letter to the Clerk of Court dated March 21, 2012, that this case be treated as a habeas petition under § 2241. ECF No. 12 at 1.

<u>Recommendation</u>

Accordingly, it is recommended that the Petition for writ of habeas corpus in the above-captioned case be dismissed *without prejudice* because Petitioner is raising civil rights claims, not habeas corpus claims, in this case. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (noting a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit).

IT IS SO RECOMMENDED.

April 12, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).