IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Rudy Villanueva, #79959-004, aka King Rudy, aka Bird Road Rudy, <br><br> Petitioner, <br><br> v. <br><br> Mildred River, Warden FCI Estill, and Chaplain Neal (Supervisor) Religious Dept., Federal Bureau of Prisons, <br><br> Respondents. | Civil Action No.: 5:12-cv-00564-RBH <br><br> **ORDER** |

This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice*.

## Factual Background and Procedural History

Petitioner, proceeding *pro se*, filed this action under 28 U.S.C. § 2241, alleging that Respondents, who are officials with the Federal Bureau of Prisons, have violated his First Amendment right to free exercise of religion in failing to accommodate his religion, which he calls Kingism. Specifically, Petitioner complains he has not been allowed to wear his religion's colors. He suggests Respondents discriminate against Kingism because its followers are predominantly Hispanic. As relief, Petitioner seeks to have Respondents recognize his religion and accord its followers the same rights enjoyed by followers of other religions.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

On March 9, 2012, the Court instructed Petitioner to complete a civil rights complaint instead of his § 2241 petition. ECF No. 8. Petitioner refused to comply with the order and insisted that this case be treated as a petition for habeas corpus under § 2241. ECF No. 12 at 1. The Magistrate Judge issued her R&R on April 13, 2012, R&R, ECF No. 18, and Petitioner filed timely objections, Pet'r's Objs., ECF No. 21.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice* because his claims are not cognizable under § 2241. R&R 3. In his objection, Petitioner argues § 2241 is the proper vehicle for relief because a writ of habeas corpus under § 2241 remedies constitutional violations of petitioners in the custody of United States. He contends that he has exhausted his administrative remedies and that he is not trying to circumvent fee requirements because he has submitted an affidavit proving that he is able to satisfy any requirement. Pet'r's Objs.

After reviewing the Magistrate Judge's recommendation *de novo*, however, the Court finds no error. Habeas relief under § 2241 is reserved for challenges to a prisoner's unlawful confinement. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). As the Magistrate Judge notes, the section is available for claims, which for a variety of reasons, are not cognizable under 28 U.S.C. § 2255, the vehicle crafted for challenges to a federal prisoner's conviction or sentence. *See In re Vial*, 115 F3d 1192, 1194, 1194 n.5 (4th Cir. 1997) (holding that § 2241 is available when § 2255 proves "inadequate or ineffective" and for attacking the execution of a sentence). Here, Petitioner does not allege he is confined as a result of a violation of his First Amendment rights. Instead, he argues Respondents are denying him free exercise of his religion, and he merely seeks the ability to practice his religion in prison. Thus, Petitioner's claims are not cognizable in a petition for habeas relief under § 2241.

Furthermore, the Court takes judicial notice that Petitioner has also filed a civil action alleging the same facts and seeking the same relief from the Court. *See* Compl., Villanueva v.

Rivera, et al., 5:12-cv-00399-RBH (D.S.C. Feb. 8, 2012). Given the existence of a duplicative action, the Court need not liberally construe this action as a civil action for injunctive relief.

## Conclusion

The Court has thoroughly analyzed the entire record, including the § 2241 petition, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 petition be **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

June 28, 2012
Florence, South Carolina